UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv062-FDW

| | |
|---|---|
| CAMERON V. LEE-EL, ) | |
| *also known as* CAMERON LEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| PAT MCCRORY, GEORGE T., ) | |
| SOLOMON, ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Cameron V. Lee-El's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

According to North Carolina Department of Public Safety records, Petitioner was convicted on April 19, 2005 in Cleveland County Superior Court of one count of second-degree murder. He was given a sentence of 157 to 198 months imprisonment. Petitioner does not indicate whether he filed a direct appeal, sought discretionary review, or pursued post-conviction relief in the state courts.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). A § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Absent any other information from Petitioner, it appears that his § 2254 habeas petition is untimely under § 2244(d)(1)(A). Judgment was entered on April 19, 2005, when Petitioner was sentenced. Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). As noted, Petitioner does not indicate in his habeas petition whether he sought any type of review – direct or discretionary – in the appellate courts. If Petitioner did not seek review, his conviction became final on May 3, 2005, when the time for seeking direct review expired. See § 2244(d)(1)(A).

As also noted, Petitioner does not indicate whether he sought post-conviction relief by way of a Motion for Appropriate Relief in the Superior Court of Cleveland County. If he did not seek post-conviction relief, the federal statute of limitations ran for 365 days from the date on which his conviction became final until it fully expired on or about May 3, 2006.

Petitioner has not addressed the timeliness issue in his habeas petition. Therefore, the Court will provide Petitioner 20 days to explain why the instant § 2254 habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

Signed: March 31, 2015

Frank D. Whitney
Chief United States District Judge