UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv062-FDW

| | |
|---|---|
| CAMERON V. LEE-EL, )<br>*also known as* CAMERON LEE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>PAT MCCRORY, GEORGE T., )<br>SOLOMON, )<br>)<br>Respondents. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Petitioner Cameron V. Lee-El's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.  BACKGROUND**

According to North Carolina Department of Public Safety records, Petitioner was convicted on April 19, 2005 in Cleveland County Superior Court of one count of second-degree murder. He was given a sentence of 157 to 198 months imprisonment.

Petitioner filed the instant habeas Petition on March 16, 2015. (Doc. No. 1.) In it, Petitioner does not indicate whether he filed a direct appeal, sought discretionary review, or pursued post-conviction relief in the state courts. Nor does he address the apparent untimeliness of the Petition.

Pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court notified Petitioner that the Petition appeared to be untimely and provided him an opportunity to explain why it should not be dismissed as such. (Doc. No. 5.) On April 27, 2015, Petitioner filed a self-

titled "Affidavit of Fact In Nature of Response" and attached a copy of a document titled "The Divine Constitution of Moorish America." (Doc. No. 6.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2254 petitions. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Petitioner's "Affidavit of Fact In Nature of Response" does not clarify whether Petitioner sought direct or collateral review of his conviction and sentence in the state courts. Absent such information, it appears that his § 2254 habeas petition is untimely under § 2244(d)(1)(A).

Judgment was entered on April 19, 2005, when Petitioner was sentenced. Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). His conviction became final on May 3, 2005, when the time for seeking direct review

---

[1] There are three exceptions to this starting date. See § 2244(d)(1)(B)-(D). Petitioner does not contend that any of these exceptions is applicable.

expired. See § 2244(d)(1)(A). The federal statute of limitations then ran for 365 days until it fully expired on May 3, 2006, almost 9 years before Petitioner filed the instant action.

In his "Affidavit," Petitioner contends that the statute of limitations does not bar his Petition because in it, he challenges the trial court's jurisdiction to convict and sentence him. Petitioner provides no authority, and the Court has found none, holding that the federal statute of limitations period of § 2244(d)(1) does not apply to petitions alleging jurisdictional defects in the state trial court.[2] C.f. Griffin v. Padula, 518 F. Supp. 2d 671 (D. S.C. 2007) (dismissing § 2254 petition as untimely; rejecting argument that federal statute of limitations did not apply because petition challenged the state court's subject matter jurisdiction, and explaining, "there is no exception under the AEDPA for subject matter jurisdiction claims"); see also, e.g., Smith v. Jones, No. 3:14cv195/MCR/EMT, 2015 WL 521067, at *10 (N.D. Fla. Feb. 9, 2015) (unpublished) (same); Frazier v. Crews, No. 2:11cv551, 2013 WL 1856507, at *4 (M.D. Fla. May 2, 2013) (unpublished) (same).

Thus, Petitioner's habeas petition is time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v.

---

[2] Petitioner cites Standard v. Oleson, 74 S.Ct. 768 (1954), Hill Top Developers v. Holiday Pines Service Corp., 478 So. 2d 368 (Fla. Dist. Ct. App. 1985), and Basso v. Utah Power & Light Co., 495 F.2d 906 (Utah Ct. App. 1974), none of which involves habeas corpus proceedings or the federal statute of limitations.

3

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (reserving equitable tolling "for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result").

The record shows no extraordinary circumstance or reasonable diligence on the part of Petitioner in pursuing his rights in state or federal court. As such, he is not entitled to equitable tolling, and his petition will be dismissed as untimely.

IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, Doc. No 1, is **DISMISSED** as untimely.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 28, 2015

Frank D. Whitney
Chief United States District Judge